No. 19-1948

United States Court of Appeals For the Eighth Circuit

---

Sarasota Wine Market, LLC, d/b/a Magnum Wine and Tastings; Heath Cordes; Michael Schlueter; Terrence French
    *Plaintiffs - Appellants*
    vs.

Eric Schmitt, Attorney General of Missouri; Dorothy Taylor,[1] State Supervisor of the Missouri Div. of Alcohol and Tobacco Control; Michael L. Parson, Governor of Missouri
    *Defendants - Appellees*

---

On appeal from the U.S. District Court for the Eastern District of Missouri, 4:17-cv-02792 HEA, Hon Henry E. Autry.

---

## OPENING BRIEF OF PLAINTIFFS-APPELLANTS

James A. Tanford (IN16982-53) *attorney of record*
Robert D. Epstein
Epstein Cohen Seif & Porter, LLP
50 S. Meridian St,. #505
Indianapolis IN 46204
tanfordlegal@gmail.com
rdepstein@aol.com
317-639-1326 (firm)
812-332-4966 (tanford direct)

Alan S. Mandel (MO 29137)
MANDEL AND MANDEL, LLP
1108 Olive Street, Fifth Floor
St. Louis, MO 63101
314-621-1701
Email: dsmm001@aol.com

---

[1]Substituted for Keith Hendrickson pursuant to Fed. R. Civ. P. 25(d).

# SUMMARY OF THE CASE

Missouri law allows in-state retailers to sell and ship wine to consumers but prohibits out-of-state retailers from doing so. A Florida retailer claims this scheme discriminates against nonresidents in violation of the Commerce and Privileges and Immunities Clauses.

The District Court dismissed the Commerce Clause claim because *Southern Wines & Spirits v. Div. of ATC,* 731 F.3d 799 (8th Cir. 2013), had held that the 21st Amendment trumped the Clause and authorized states to limit liquor sales to residents only. However, *Southern Wines* is no longer good law after *Tenn. Wine & Spirits Retailers Assoc. v. Thomas*, 139 S.Ct. 2449 (2019), leaving the District Court's decision clearly erroneous.

The District Court dismissed the Privileges and Immunities claim on the ground that citizens have no inherent right to sell liquor across state lines. This decision was erroneous because the Clause concerns privileges, not rights. Once Missouri has given its own citizens the privilege to sell liquor, it may not deny that privilege to nonresidents.

Oral argument of 20 minutes per side should be granted because the case involves two constitutional issues.

i

## CORPORATE DISCLOSURE STATEMENT

Pursuant to FRAP and 8th Cir. Rules 26.1, Sarasota Wine Market, LLC, makes the following disclosure: No parent corporation nor any publicly held corporation owns 10% or more of the stock of Sarasota Wine Market, LLC.

Appellate Case: 19-1948    Page: 3    Date Filed: 08/09/2019 Entry ID: 4817514

# TABLE OF CONTENTS

SUMMARY OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

CORPORATE DISCLOSURE STATEMENT . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF JURISDICTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF ISSUES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

I. Standard of review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

II. Standing. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    A. Commerce Clause standing.. . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    B. Privileges and Immunities Clause standing . . . . . . . . . . . . . . 12

III. Missouri's ban on interstate sales and delivery of wine . . . . . . . . 13
violates the Commerce Claus and is not authorized by the
Twenty-first Amendment

    A. Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    B. Background legal context. . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

    C. Count I states a valid claim under Tennessee Wine . . . . . . . . . 18
that Missouri discriminates against out-of-state retailers

Appellate Case: 19-1948   Page: 4   Date Filed: 08/09/2019 Entry ID: 4817514

IV. Missouri's ban on nonresidents engaging in the retail . . . . . . . . . . 22
liquor business states a valid claim under the Privileges
and Immunities Clause.

V. Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

STATEMENT THAT BRIEF IS VIRUS-FREE . . . . . . . . . . . . . . . . . 26

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . 27

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

ADDENDUM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

    A. District Court opinion and order . . . . . . . . . . . . . . . . . . . . . . . 28

    B. District Court order of dismissal . . . . . . . . . . . . . . . . . . . . . . 49

    C. Missouri statutes at issue . . . . . . . . . . . . . . . . . . . . . . . . . . . 50

Appellate Case: 19-1948    Page: 5    Date Filed: 08/09/2019 Entry ID: 4817514

# TABLE OF AUTHORITY

***Cases***

*Arnold's Wines v. Boyle,* 571 F.3d 185 (2d Cir. 2009) . . . . . . . . . . . . . 16

*Bacchus Imports, Ltd. v. Dias*, 468 U.S. 263 (1984) . . . . . . . . . . . . . 20

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 554 (2007) . . . . . . . . . . . . 11

*Brown-Forman Dist. Corp. v. N.Y. State Liquor Auth.*, . . . . . . . . . . . 19
476 U.S. 573 (1986).

*C & A Carbone, Inc. v. Town of Clarkstown, N.Y.*, . . . . . . . . . . . . . . 19
511 U.S. 383 (1994)

*Carlesen v. GameStop, Inc.*, 833 F.3d 903 (8th Cir. 2016). . . . . . . . . . 10

*City of Clarkson Valley v. Mineta,* 495 F.3d 567 (8th Cir. 2007) . . . . 10

*Constitution Party of S.D. v. Nelson*, . . . . . . . . . . . . . . . . . . . . . . . . 12
730 F. Supp. 2d 992 (D.S.D. 2010)

*Cooper v. Tex. Also. Beverage Com'n,* 820 F.3d 730 (5th Cir. 2016).. .  17

*Granholm v. Heald,* 544 U.S. 460 (2005).. . . . . . . . . . . . . . . . 15, 19, 22

*Hicklin v. Orbeck*, 437 U.S. 518 (1978) . . . . . . . . . . . . . . . . . . . . . . . 23

*Jones v. Gale,* 470 F.3d 1261 (8th Cir. 2006).. . . . . . . . . . . . . . . . 10, 11

*Lebamoff Enterp. Inc. v. Rauner*, 909 F.3d 847 (7th Cir. 2018). . . . . . . 17

*McBurney v. Young*, 569 U.S. 221 (2013).. . . . . . . . . . . . . . . . . . . . . . 23

*Milgram Food Stores, Inc. v. Ketchum*, 384 S.W.2d 510 (Mo. 1964) .. . 25

*Minn. v. Hoeven,* 456 F.3d 826 (8th Cir. 2006) . . . . . . . . . . . 3, 8, 23, 25

v

Appellate Case: 19-1948     Page: 6     Date Filed: 08/09/2019 Entry ID: 4817514

*O'Reilly v. Bd. of App. of Montgomery Co., Md.*, . . . . . . . . . . . . . . . . . 24
942 F.2d 281 (4th Cir. 1991)

*Parnes v. Gateway 2000, Inc.*, 122 F.3d 539 (8th Cir. 1997). . . . . . . . . . 10

*Pucket v. Hot Springs Sch. Dist. No. 23-2*, . . . . . . . . . . . . . . . . . . . . . 12
526 F.3d 1151 (8th Cir. 2008)

*S. D. Farm Bureau, Inc. v. Hazeltine*, 340 F.3d 583 (8th Cir. 2003). 11, 19

*Southern Wines & Spirits v. Div. of ATC*, . . . . . . . . . . . . . . . . . . *passim*
731 F.3d 799 (8th Cir. 2013

*Steams Serv. Co. v. Wright*, 505 S.W.2d 65 (Mo. 1974) . . . . . . . . . . . . 24

*Sup. Ct. of N.H. v. Piper*, 470 U.S. 274 (1985) . . . . . . . . . 3, 12, 23, 24, 25

*Tenn. Wine & Spirits Retailers Assoc. v. Thomas*, . . . . . . . . . . . *passim*
139 S.Ct. 2449 (2019)

*Tenn. Wine & Spirits Retailers Assoc. v. Byrd*, . . . . . . . . . . . . . . . . 17
883 F.3d 608 (6th Cir. 2018)

*Toomer v. Witsell*, 334 U.S. 385 (1948) . . . . . . . . . . . . . . . . . . . . . . . 23

*United Bldg. & Const. Trades Council v. City of Camden*, . . . . . . . . . . 23
465 U.S. 208 (1984).

*Usenko v. MEMC, LLC*, 926 F.3d 468 (8th Cir. 2019)... . . . . . . . . . . . . . 9

*Ward v. State,* 79 U.S. 418 (1870). . . . . . . . . . . . . . . . . . . . . . . . . . . . *23*

*Weiland v. U.S. Dept. of Health & Hum. Services, E.P.A.*, . . . . . . . . . . 10
793 F.3d 949 (8th Cir. 2015).

**Constitutions, statutes and rules**

U.S. CONST. ART. I, § 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13 and *passim*

Appellate Case: 19-1948    Page: 7    Date Filed: 08/09/2019 Entry ID: 4817514

U.S. Const., art. IV, § 2, . . . . . . . . . . . . . . . . . . . . . . . . . . . 22 and *passim*

U.S. Const., Amend. XIV, § 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

U.S. Const., Amend. XXI, . . . . . . . . . . . . . . . . . . . . . . . . . 13 and *passim*

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C § 1343(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Mo. Rev. Stat. § 311.050. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 20

Mo. Rev. Stat. § 311.060 . . . . . . . . . . . . . . . . . . . . . . 3, 4, 5, 19, 20

Mo. Rev. Stat. § 311.185.4. . . . . . . . . . . . . . . . . . . . . . . . 4, 20, 22

Mo. Rev. Stat. §311.200 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 20

Mo. Rev. Stat. § 311.300. . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 20

Mo. Rev. Stat. § 311.610 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Mo. Rev. Stat. § 311.770(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Mo Rev. Stat. § 311.800.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Fed. R. Civ. P. 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## Other authority

FTC, Possible Anticompetitive Barriers to E-Commerce: . . . . . . . . . 15
Wine (2003), https://www.ftc.gov/reports/possible-anticompetitive-
barriers-e-commerce-wine.

Appellate Case: 19-1948    Page: 8    Date Filed: 08/09/2019 Entry ID: 4817514

# STATEMENT OF JURISDICTION

**1. District court jurisdiction**. Plaintiffs-Appellants brought this action in the Eastern District of Missouri pursuant to 42 U.S.C. § 1983, alleging that the residency requirement for a Missouri wine retailer license violates the Commerce Clause, U.S. CONST. ART. I, § 8, and the Privileges and Immunities Clause, U.S. CONST., ART. IV, § 2. They have sued Missouri officials with responsibility for enforcing the law in their official capacity and seek declaratory and injunctive relief. Am. Compl. J.A. 15 *et seq*. The district court had federal-question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), which confer original jurisdiction on federal district courts to hear suits alleging the violation of rights and privileges rising under the U.S. Constitution and laws.

**2. Court of appeals jurisdiction**. The Court of Appeals has jurisdiction pursuant to 28 U.S.C. § 1291. This is an appeal from a final order dismissing the complaint and disposing of all claims in the district court. Order, J.A. 46.

**3. Filing dates**. On March 29, 2019, the District Court entered an opinion and final order dismissing the complaint. J.A. 28 *et seq*.  On April 25, 2019, the plaintiffs filed a notice of appeal. J.A. 47.

1

**4. Appeal from final order.** This appeal is from a final order dismissing the complaint in its entirety that disposed of all claims in the District Court.

## STATEMENT OF ISSUES

The Amended Complaint (J.A. 15 *et seq*.) asserts that Missouri's law prohibiting nonresidents from selling and delivering wine to consumers in Missouri violates the dormant Commerce Clause and the Privileges and Immunities Clause. The District Court dismissed both claims under Rule 12(b)(6), and those rulings are the subject of this appeal.

1. The first issue is whether the Amended Complaint sufficiently pleads a violation of the Commerce Clause by alleging that Missouri retailers may ship wine to consumers but out-of-state retailers may not. The validity of this statutory scheme turns on whether state laws regulating liquor retailers are subject to the Clause's nondiscrimination rule or exempt from it because of the Twenty-first Amendment.

a. The most apposite case is *Tenn. Wine & Spirits Retailers Assoc. v. Thomas*, 139 S.Ct. 2449 (2019).

b. The most important Eighth Circuit case is *Southern Wines & Spirits v. Div. of ATC*, 731 F.3d 799 (8th Cir. 2013), the efficacy

Appellate Case: 19-1948    Page: 10    Date Filed: 08/09/2019 Entry ID: 4817514

of which has been placed in doubt by the *Tenn. Wine & Spirits* decision.

c. Two constitutional provisions are involved: the Commerce Clause, U.S. CONST., ART. I, § 8, and the Twenty-first Amendment, U.S. CONST., AMEND. XXI, § 2.

d. The statute being challenged is Mo. Rev. Stat. § 311.060(1), reprinted *infra* at 50.

2. The second issue is whether the Amended Complaint sufficiently pleads a violation of the Privileges and Immunities Clause by alleging that Missouri will issue licenses to sell and ship wine only to its own citizens and will not issue them to nonresidents. The validity of this residency restriction turns on whether engaging in the liquor business is subject to the Clause like other occupations, or whether it is exempt because of the Twenty-first Amendment. There are no direct precedents.

a. The most apposite case is *Sup. Ct. of N.H. v. Piper*, 470 U.S. 274, 280-81 (1985).

b. The most relevant Eighth Circuit case is *Minn. v. Hoeven,* 456 F.3d 826, 834 (8th Cir. 2006).

3

c. The constitutional provision involved is the Privileges and Immunities Clause, U.S. CONST., ART. IV.[2]

d. The statute being challenged is Mo. Rev. Stat. § 311.060(1), reprinted *infra* at 50.

Case law under both Clauses holds that even if a liquor law is discriminatory, it may nevertheless be upheld if the State proves that it is reasonably necessary to advance a legitimate state interest. However, this issue is not before the court at this stage because such a showing requires concrete evidence, and no evidentiary record has yet been developed.

## STATEMENT OF THE CASE

**1. Facts.** A Missouri retailer may obtain a retail package liquor license under Mo. Rev. Stat. §311.200.1 that allows it to sell and deliver wine to consumers throughout the state, Mo. Rev. Stat. § 311.300.2, and may use a common carrier to make those deliveries. Mo. Rev. Stat. § 311.185.4. Am. Compl., ¶¶ 14-16, J.A. 18-19. An out-of-state retailer may not obtain this permit because it is reserved for Missouri citizens

---

[2]There is a different Privileges or Immunities Clause in the 14th Amendment which is not at issue.

Appellate Case: 19-1948    Page: 12    Date Filed: 08/09/2019 Entry ID: 4817514

only, Mo. Rev. Stat. § 311.060.1, and it may not ship wine into the state without such a permit. Mo. Rev. Stat. § 311.050. Am. Compl. ¶¶ 16-18, J.A. 19.

Sarasota Wine Market is a Florida wine retailer who has potential customers who live in Missouri. It cannot ship wine to them because of the law and has lost sales and profits as a result. Am. Compl.¶¶ 5, 25-26, J.A. 17, 20. Heath Cordes is a Florida resident who makes his living as a wine merchant but cannot practice his occupation in Missouri because of the law. Am. Compl. ¶ 6, J.A. 17. He has potential customers in Missouri, including those who live in Florida part of the year, but cannot ship wine to them. Am. Compl. ¶¶ 30-34, J.A. 21-22. These plaintiffs do not seek to sell wine without a Missouri license and would obtain one if it were available, and would comply with other state regulations. Am. Compl. ¶¶ 8, 27, 37, J.A. 18, 20, 22.

Michael Schlueter and Terrence French are Missouri wine consumers who would like to be able to obtain wines from out-of-state sources, especially wines that are unavailable from Missouri retailers. They have tried to order wines from out-of-state sources but have been unable to complete these transactions because they are illegal under

5

Missouri law. Am. Compl. ¶¶ 3-4, 19-26, J.A. 16-17, 19-20.

Defendant Dorothy Taylor is the State Supervisor of the Missouri Division of Alcohol and Tobacco Control, which is charged with enforcing Missouri liquor control laws, including the ones challenged in this lawsuit. Mo. Rev. Stat. § 311.610(1). Defendant Eric Schmitt is the Attorney General, who is also charged with enforcing the liquor control laws. Mo. Rev. Stat. §§ 311.770(3), 311.800. Defendant Michael L. Parson is the Governor of Missouri with supervisory responsibility for the enforcement of liquor laws. Mo. Rev. Stat. § 311.610(2).

**2. Procedural history**. The case was filed on November 29, 2017. The State filed a motion to dismiss the complaint, which was granted on June 26, 2018 for lack of standing, but the District Court gave plaintiffs leave to file an amended complaint. Dkt. 35. The amended complaint was filed June 28, 2018. Dkt. 36. The State again filed a motion to dismiss on July 12, 2018. Dkt. 37. On March 29, 2019, the District Court issued a final opinion and order. It found that plaintiffs had adequately pled standing, but dismissed the amended complaint for failure to state a claim upon which relief could be granted. J.A. 28 *et seq*. All plaintiffs filed a joint notice of appeal on April 25, 2019. J.A. 47.

6

**3. Rulings presented for review**. The District Court held that plaintiffs' Commerce Clause claim was barred as a matter of law by *Southern Wines & Spirits v. Div. of ATC*, 731 F.3d 799 (8th Cir. 2013). It relied on the holding in *Southern Wines* that the Commerce Clause only prohibits discrimination against out-of-state wine producers, not against other kinds of out-of-state wine sellers such as wholesalers and retailers. Opinion, *infra* 40-45, J.A. 38-43. It held that plaintiffs' Privileges and Immunities Clause claim was barred as a matter of law because engaging in the liquor business is not a natural right protected by the Clause, but it did not address whether access to a state-created license was protected. Opinion, *infra* 45-48, J.A. 43-45.

## SUMMARY OF ARGUMENT

1. *Commerce Clause*. Missouri allows its own retailers to sell wine over the Internet and deliver it to consumers' homes, but prohibits out-of-state retailers from doing so. Plaintiffs contend this statutory scheme violates the nondiscrimination principle of the dormant Commerce Clause. The District Court dismissed this count of the amended complaint because this Circuit had previously held that the nondiscrimination principle did not apply to laws regulating liquor

Appellate Case: 19-1948    Page: 15    Date Filed: 08/09/2019 Entry ID: 4817514

retailers, which were protected by the Twenty-first Amendment. Shortly after the District Court's decision, the Supreme Court decided *Tenn. Wine & Spirits Retailers Assoc. v. Thomas*, and ruled to the contrary that state laws regulating liquor retailers were subject to the nondiscrimination principle. Discriminatory laws are unconstitutional unless the State can prove with concrete evidence that the discrimination is necessary to protect public health and safety. The contrary authority relied on by the District Court is therefore no longer good law. The case should be remanded so it can proceed to the evidentiary phase under the standards set by the Supreme Court.

2. *Privileges and Immunities*. The Missouri legislature has given its own citizens the privilege to obtain licenses to engage in the liquor business, but has denied that privilege to nonresidents. This discriminatory scheme violates the Privileges and Immunities Clause by denying nonresidents the opportunity to engage in a lawful trade or profession in Missouri upon the same terms as citizens, unless the State can prove that discrimination is reasonably necessary to advance the state's interests. *Minnesota v. Hoeven,* 456 F.3d 826, 834 (8th Cir. 2006). The District Court dismissed this count of the amended

8

complaint, finding that engaging in the liquor business was not protected by the Clause because there is no "right" to engage in the liquor business. This was an erroneous basis for dismissing the complaint because the Privileges and Immunities Clause protects privileges, not rights. The District Court cited no authority suggesting that once a state allows its own citizens to sell liquor under the terms of a permit, it can deny that privilege to nonresidents. The case should be remanded so it can proceed to the evidentiary stage under the standards set by this Circuit in *Minnesota v. Hoeven*.

## ARGUMENT

## I. Standard of review

This is an appeal from the dismissal of the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). The court of appeals reviews the district court's decision *de novo,* assuming all factual allegations are true and construing all reasonable inferences in favor of the nonmoving party. *Usenko v. MEMC, LLC*, 926 F.3d 468, 472 (8th Cir. 2019).

To survive a 12(b)(6) motion, a claim must merely be plausible on its face. This is a lenient standard that strongly disfavors dismissal at this early stage. Only if it appears "beyond doubt" that the plaintiffs can

Appellate Case: 19-1948   Page: 17   Date Filed: 08/09/2019 Entry ID: 4817514

prove no set of facts to support their claims should the motion be granted. A complaint should not be dismissed merely because the court doubts that the plaintiffs will ultimately prevail. Dismissal is reserved for the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997).

## II. Standing

Standing is jurisdictional and plaintiffs bear the burden of establishing standing regardless of whether the defendants raise the issue. *City of Clarkson Valley v. Mineta,* 495 F.3d 567, 569 (8th Cir. 2007). This threshold inquiry normally requires an evaluation of (1) injury, (2) causation, and (3) redressability. *Id.* At the pleading stage, general allegations of standing suffice. *Weiland v. U.S. Dept. of Health & Hum. Services, E.P.A.*, 793 F.3d 949, 954 (8th Cir. 2015). The case may be dismissed only if it appears beyond doubt that plaintiffs will be unable to establish it. *Carlesen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016). When there are multiple plaintiffs, jurisdiction is established if any one has standing; the standing of other plaintiffs is immaterial. *Jones v. Gale*, 470 F.3d 1261, 1265 (8th Cir. 2006).

Appellate Case: 19-1948    Page: 18    Date Filed: 08/09/2019 Entry ID: 4817514

## A. Commerce Clause standing

When a commercial transaction is disrupted by state law, both the seller and buyer have suffered an injury that supports standing to bring a Commerce Clause challenge. *S. D. Farm Bureau, Inc. v. Hazeltine*, 340 F.3d 583, 592 (8th Cir. 2003). Mr. Schlueter alleges that he attempted to buy wine over the Internet from three specific out-of-state retailers, but was refused because Missouri makes interstate shipping illegal. Am. Compl. ¶20, J.A. 19. Mr. French makes a similar allegation. Am. Compl. ¶¶ 3, 23, J.A. 16, 20. Sarasota Wine Market alleges Schlueter and other Missouri residents have tried to buy wine from it and have it shipped, but that it cannot fill those orders because interstate shipping to Missouri is unlawful, and that it has suffered economic harm in the form of lost sales and profits. Am. Compl. ¶26, J.A. 20. These allegations meet the requirement of Fed. R. Civ. P 8(a)(2) for a short and plain statement that establishes standing -- a concrete and particularized injury (interrupted sales and lost profits) that was caused by the state law being challenged. *See Jones v. Gale*, 470 F.3d at 1265. A complaint does not need to set out detailed factual allegations. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 556 (2007).

11

The harm is redressable because the court has the power to declare the law unconstitutional and enjoin Missouri officials to extend to out-of-state retailers the same privilege to sell and ship directly to consumers it currently gives in-state retailers. Am. Compl. ¶¶3, 27, J.A. 16, 20.

## B. Privileges and Immunities Clause standing

When a nonresident is barred from obtaining a license to practice a profession, which is available to residents, the nonresident has suffered an injury that supports standing to bring a Privileges and Immunities Clause claim. *See N.H. Sup. Ct. v. Piper,* 470 U.S. at 275-76. The nonresident does not need to submit an application and be denied if doing so would be futile. *See Constitution Party of S.D. v. Nelson*, 730 F. Supp. 2d 992, (D.S.D. 2010) (nonresident may challenge residency requirement without submitting application), *citing Pucket v. Hot Springs Sch. Dist. No. 23-2*, 526 F.3d 1151, 1162 (8th Cir. 2008) (plaintiff has standing even if they have failed to take administrative steps if it would have been futile). Heath Cordes alleges that he cannot obtain a retail wine license that is available to Missouri residents because he is a nonresident, and he has been economically harmed in the form of lost business as a consequence. Am. Compl. ¶¶ 32, 34, 35,

12

J.A. 21-22. He alleges that the harm has been caused by Missouri's law which makes nonresidents ineligible for licenses. Am. Compl. §§ 32, 34, 36, J.A. 21-22. This injury is redressable because the court has the power to declare the law unconstitutional and enjoin Missouri officials to extend to nonresidents the same privilege to apply for and obtain liquor licenses it currently gives in-state retailers.

## III. Missouri's ban on interstate sales and delivery of wine violates the Commerce Claus and is not authorized by the Twenty-first Amendment

### A. Introduction

Missouri prohibits out-of-state retailers from selling and delivering wine to Missouri consumers but allows its own in-state retailers to do so. Count I of the complaint asserts that this difference in treatment violates the nondiscrimination principle of the dormant Commerce Clause.[3] The District Court dismissed this claim on the ground that Section 2 of the Twenty-first Amendment[4] immunizes state laws

---

[3]"The Congress shall have the Power to... regulate Commerce ... among the several states." U.S. CONST., ART. I, § 8, cl. 2. Although phrased as an affirmative grant of power to Congress, the Supreme Court has long held that this Clause also prohibits state laws that unduly restrict interstate commerce. *Tenn. Wine & Spirits Retailers Assoc. v. Thomas*, 139 S.Ct at 2459.

[4]"The transportation or importation into any State ... for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited." U.S. CONST., AMEND. XXI, § 2.

Appellate Case: 19-1948     Page: 21     Date Filed: 08/09/2019 Entry ID: 4817514

regulating liquor retailers from Commerce Clause scrutiny, so it did not matter whether the law discriminated against out-of-state entities. It relied on a single controlling opinion from this Court: *Southern Wines & Spirits. v. Div. of ATC*, 731 F.3d 799 (8th Cir. 2013). Opinion, *infra* at 40-45, J.A. 38-43.

Shortly after the District Court issued its decision, the Supreme Court decided *Tenn. Wine & Spirits Retailers Assoc. v. Thomas*, 139 S.Ct. 2449 (2019), which held to the contrary. It ruled 7-2 that the Twenty-first Amendment does not permit states to discriminate against out-of-state liquor interests, and does not immunize laws regulating retailers from Commerce Clause scrutiny. Discriminatory liquor laws of all kinds are presumptively unconstitutional unless the state can prove that prohibiting nonresidents from selling liquor is necessary for public health and safety. This Court should therefore reconsider the holding in *Southern Wines,* issue a new opinion consistent with *Tenn. Wine & Spirits Retailers Assoc. v. Thomas,* and remand the case to the District Court to determine whether the Missouri residency rule being contested is constitutional under the new standard.

14

## B. Background legal context

Three cases are important to understanding the unusual context to this appeal and to resolving the constitutionality of Missouri's discriminatory ban on direct-to-consumer wine sales by out-of-state retailers.

The first is *Granholm v. Heald,* 544 U.S. 460 (2005). It held that state laws that discriminated against out-of-state wineries violated the Commerce Clause and were not saved by the Twenty-first Amendment. If a state allowed its own wineries to sell and ship wine directly to consumers, it must also allow out-of-state wineries to do so. However, in the course of its opinion, the Supreme Court also noted that the three-tier system[5] was unquestionably legitimate, and that state laws were valid as long as they treated wine produced out of state the same as wine produced in the state. 544 U.S. at 489. The Court said nothing one way or the other about whether there was something unique about

---

[5] The three-tier distribution system for alcoholic beverages was widely adopted after Prohibition to diversify ownership and prevent manufacturers from controlling the liquor market. It requires that manufacturers may sell liquor only to separately-owned wholesalers, who may sell only to separately-owned retailers who sell to the public, and that all sellers must be licensed. A study by the FTC found that this system raises costs, reduces selection, and burdens the overall market. Possible Anticompetitive Barriers to E-Commerce: Wine 3-4 (2003), https://www.ftc.gov/reports/possible-anticompetitive-barriers-e-commerce-wine.

15

wineries, or whether its decision would also apply to sales and shipments by wine retailers. This opened the door to varying interpretations among the Circuits.

The second is *Southern Wines & Spirits v. Div. of ATC,* in which this Circuit interpreted *Granholm's* language as drawing a "bright line" between the producer tier (wineries) and the other two tiers of the distribution system. 731 F.3d at 809-10. It reasoned that if the three-tier system were unquestionably legitimate and the dormant Commerce Clause were primarily concerned with discrimination against out-of-state products, then state laws regulating retailers and wholesalers were not subject to Commerce Clause challenge. They fell within the Twenty-first Amendment's broad grant of authority allowing states to regulate the liquor distribution system as they thought best. A state could decide to forbid nonresidents from selling liquor out of concern that nonresidents might not show the same sense of community responsibility as residents would, and that decision would be immune from Commerce Clause scrutiny even though it discriminated against interstate commerce. *Id.* The Second Circuit reached the same conclusion. *Arnold's Wines v. Boyle,* 571 F.3d 185, 189-91 (2d Cir. 2009).

16

Other Circuits interpreted *Granholm* differently and held that the nondiscrimination principle applied not only to wineries, but also to wine retailers. They saw nothing in the Court's discussion of the legitimacy of the three-tier system as suggesting that its regulations were exempt from Commerce Clause scrutiny. They read the language about product discrimination as reflecting that *Granholm* happened to involve wine producers, and not as a general limitation on the scope of the nondiscrimination principle.

The Fifth and Sixth Circuits applied the nondiscrimination principle to retail liquor licenses and struck down residency laws that prevented nonresidents from obtaining them. *Tenn. Wine & Spirits Retailers Assoc. v. Byrd*,  883 F.3d 608, 612 (6th Cir. 2018); *Cooper v. Tex. Also. Beverage Com'n,* 820 F.3d 730, 742 (5th Cir. 2016). The Seventh Circuit applied the nondiscrimination principle to retail wine shipping rules that allowed in-state retailers to ship wine to consumers but prohibited those located outside the state from doing so. *Lebamoff Enterp. Inc. v. Rauner*, 909 F.3d 847, 849-50 (7th Cir. 2018).  This created a Circuit split on the question of whether state laws regulating liquor retailers were subject to or exempt from Commerce Clause scrutiny.

17

The third, and most significant, case is *Tenn. Wine & Spirits Retailers Assoc. v. Thomas,* in which the Supreme Court resolved the Circuit split. It held 7-2 that there is no bright line between the producer tier and the wholesaler/retailer tiers. It saw no sound basis for having different constitutional doctrines for producers and for retailers, and held that the nondiscrimination principle applied to all state liquor laws. 139 S.Ct. at 2470-71. It held held that the dormant Commerce Clause prohibits discrimination against all out-of-state *economic interests (*including retailers) and not just against out-of-state *producers*. 139 S.Ct. at 2471. This circuit's holding to the contrary in *Southern Wines* is therefore no longer good law. Because the District Court's decision was based on *Southern Wines*, it should be reversed and the issue reconsidered under *Tenn. Wine & Spirits Retailers Assoc. v. Thomas.*

### C. Count I states a valid claim under *Tennessee Wine* that Missouri discriminates against out-of-state retailers

Sarasota Wine Market is a Florida retailer which is being prevented from engaging in a simple act of interstate commerce -- selling and shipping wine to a customer in Missouri named Michael Schlueter. Am. Compl. ¶¶ 19-20, 25-26, J.A. 19-20. The selling and shipping of wine is

18

lawful in Missouri. Retailers located in the state can take orders by phone, email or Internet from customers who never set foot on the premises and ship that wine to their homes. Retailers located outside Missouri are prohibited from doing so. Mo. Rev. Stat. § 311.060. This is not a situation where Missouri has decided that everyone must buy their wine in person after producing identification and therefore bans all Internet sales. It only bans such sales from retailers located in other states and engaging in interstate commerce.

Laws that discriminate against out-of-state entities and protect local businesses from competition have always been invalid under the Commerce Clause unless the State can prove that no less discriminatory alternative would protect its interests. *S. D. Farm Bureau, Inc. v. Hazeltine*, 340 F.3d at 593, *citing C & A Carbone, Inc. v. Town of Clarkstown, N.Y.*, 511 U.S. 383, 392 (1994); *Brown-Forman Dist. Corp. v. N.Y. State Liquor Auth.*, 476 U.S. 573, 579 (1986). This nondiscrimination principle applies to state laws regulating all kinds of commerce, including alcoholic beverages. *Tenn. Wine & Spirt Retailers Assoc. v. Thomas,* 139 S.Ct. at 2456 (issuance of retail licenses); *Granholm v. Heald*, 544 U.S. at 472, 487 (direct-to-consumer shipments

Appellate Case: 19-1948    Page: 27    Date Filed: 08/09/2019 Entry ID: 4817514

by wineries); *Bacchus Imports, Ltd. v. Dias*, 468 U.S. 263, 272-73 (1984) (tax on liquor shipped into the state).

There is no dispute that Missouri discriminates against out-of-state wine retailers. A business located in Missouri may obtain a retail package liquor license under Mo. Rev. Stat. § 311.200(1) that allows it to take wine orders by phone, email or Internet, and deliver that wine to consumers' residences throughout the state. Mo. Rev. Stat. § 311.300(2). It may use a common carrier to make those deliveries. Mo. Rev. Stat. § 311.185(4). Am. Compl., ¶¶ 14-16, J.A. 18-19.[6] An out-of-state retailer like Sarasota Wine Market may not because the license is available to Missouri citizens only. Mo. Rev. Stat. § 311.060(1). Without such a license, shipping wine to Missouri consumers is unlawful. Mo. Rev. Stat. § 311.050. Am. Compl. ¶¶ 16-18, J.A. 19. The residency restriction therefore provides a major economic benefit to Missouri retailers, which are the only ones who can engage in e-commerce in the state by selling wine over the Internet and shipping

---

[6]To the extent that these privileges are not clear from the face of the statute, evidence including a 2014 decision by the Division of Alcohol and Tobacco Control makes them clear. This evidence will be offered at the summary judgment stage if the State were to deny them in its answer.

20

it to consumers' homes. It costs Sarasota Wine Market lost profits. Am. Compl. ¶ 26, J.A. 20.

When a state law discriminates against out-of-state economic actors, including those involved in the wine industry, the law can be sustained only upon a showing that it is narrowly tailored to advance a legitimate local purpose that cannot be served by nondiscriminatory alternatives. *Tenn.Wine & Spirits Retailers Assoc. v. Thomas*, 139 S.Ct. at 2461, 2469, 2474. Laws that give a competitive advantage to in-state businesses are therefore usually invalid because protectionism is not a constitutionally legitimate state interest. 139 S.Ct at 2469-70. The State must justify discriminatory laws by proving they are reasonably necessary to advance the state's interest in public health and safety. 139 S.Ct at 2470, 2472-73. This is a question of actual effect, not legislative intent. The State must prove with "concrete evidence" that the predominant effect of a law is the protection of public health or safety, not protectionism, and it must prove that less discriminatory alternatives would not work. Mere speculation and unsupported assertions are insufficient. 139 S.Ct. at 2474. Given that Missouri already allows in-state retailers, in-state wineries, and out-of-state

Appellate Case: 19-1948   Page: 29   Date Filed: 08/09/2019 Entry ID: 4817514

wineries to ship wine by common carrier to consumers' homes, *see* Mo. Rev. Stat. § 311.185 (wine shipper license), it is implausible that it can prove that shipments from out-of-state retailers who use the same carriers pose some distinct threat to public health and safety that justifies such a selective and discriminatory ban. Nevertheless, the case should be remanded to give the State the opportunity to produce the necessary concrete evidence that meets this "exacting standard." *Granholm v. Heald*, 544 U.S. at 493.

## IV. Missouri's ban on nonresidents engaging in the retail liquor business states a valid claim under the Privileges and Immunities Clause.

In Count II of the complaint, plaintiff Heath Cordes alleges that Missouri is denying him the opportunity to engage in his occupation as a wine merchant upon the same terms as Missouri citizens. He asserts that this discrimination violates the Privileges and Immunities Clause.[7] Whether denying a state privilege to out-of-state residents will violate

---

[7]"The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." U.S. CONST., ART. IV, § 2. There is a similar clause in the Fourteenth Amendment providing that "No state shall make or enforce any law that shall abridge the privileges or immunities of citizens of the United States." U.S. CONST., AMEND. XIV, § 1. The former refers to privileges created by state law; the latter to federal privileges. Only the former is at issue in this case.

Appellate Case: 19-1948    Page: 30    Date Filed: 08/09/2019 Entry ID: 4817514

this Clause requires a two-part inquiry: (1) whether the state's law discriminates against out-of-state residents with regard to a privilege protected by the Clause, and (2) if so, whether sufficient justification exists for the discrimination. *Minnesota v. Hoeven,* 456 F.3d 826, 834 (8th Cir. 2006), *citing United Bldg. & Const. Trades Council v. City of Camden*, 465 U.S. 208, 218-19 (1984).

The Privileges and Immunities Clause protects privileges that are fundamental to the vitality of the nation. Among them are owning property, having access to the courts, and (as relevant to this case) engaging in a trade, business or occupation. *McBurney v. Young*, 569 U.S. 221, 226-27 (2013). The courts have repeatedly held that having the opportunity to earn a livelihood is fundamental and cannot be denied to nonresidents. Jobs are vital to the national economy, whether a person is practicing law, *Sup. Ct. of N.H. v. Piper*, 470 U.S. 274, 280-81 (1985), working on the Alaska pipeline, *Hicklin v. Orbeck*, 437 U.S. 518, 524 (1978), fishing for shrimp, *Toomer v. Witsell*, 334 U.S. 385, 398-99 (1948), working construction, *United Bldg. & Const. Trades Council v. City of Camden*, 465 U.S. 208, 210-11 (1984), or selling goods by mail-order. *Ward v. State,* 79 U.S. 418, 424-25 (1870). *See also*

Appellate Case: 19-1948     Page: 31     Date Filed: 08/09/2019 Entry ID: 4817514

*Minnesota v. Hoeven,* 456 F.3d at 834 (fundamental privileges include the means to pursue a livelihood). A state may regulate the exercise of these privileges and require licenses, but may not discriminate against nonresidents by denying them equal access to those licenses. *Sup. Ct. of N.H. v. Piper*, 470 U.S. at 280-81 (law license); *O'Reilly v. Bd. of App. of Montgomery Co., Md.*, 942 F.2d 281, 284-85 (4th Cir. 1991) (taxi license).

No case has ever held that pursuing a lawful occupation falls outside the protection of the Clause, and selling wine at retail is a lawful occupation in Missouri. Nevertheless, the District Court dismissed the Privileges and Immunities claim on such a basis, holding that the selling of alcoholic beverages was not the kind of occupation protected by the Clause because there was no "natural right" to engage in the liquor business. Opinion, *infra* at 47-48, J.A. 44-45. The District Court drew this language from several Missouri state cases that addressed a quite different issue -- whether there was a right to engage in *unlawful* liquor sales. None had anything to do with whether a State could deny a nonresident the opportunity to engage in the liquor trade when it was lawful for residents to do so. *E.g., Steams Serv. Co. v.*

24

*Wright*, 505 S.W.2d 65, 68 (Mo. 1974) (no right to sell liquor on a riverboat when legislature had not authorized such sales); *Milgram Food Stores, Inc. v. Ketchum*, 384 S.W.2d 510 (Mo. 1964) (no right to offer a free prize to those who bought liquor when state law prohibited premiums and prizes). This was an erroneous basis for dismissing the complaint because the Privileges and Immunities Clause protects privileges, not natural rights, and Missouri gives its own citizens the privilege to sell wine at retail.

The District Court's conclusion that engaging in the liquor business is an occupation totally exempt from the Privileges and Immunities Clause was erroneous and unsupported by any authority. There is no dispute that Mr. Cordes, a nonresident, is being denied a privilege to engage in the wine business upon the same terms as Missouri citizens, so the case should be remanded to determine under the second prong of *Minnesota v. Hoeven,* whether sufficient justification exists for the discrimination. 456 F.3d at 834. This cannot be decided on a motion to dismiss because it requires a factual record that has not yet been developed. *Sup. Ct. of N.H. v. Piper*, 470 U.S. at 284.

Appellate Case: 19-1948    Page: 33    Date Filed: 08/09/2019 Entry ID: 4817514

## V. Conclusion

For the foregoing reasons, the decision of the District Court should be reversed and the case remanded for further proceedings.

Respectfully submitted,
Attorneys for plaintiffs*:*

s/ *James A. Tanford*
James A. Tanford, *counsel of record*
Robert D. Epstein
*Epstein Cohen Seif &* Porter, LLP
50 S. Meridian St., Ste 505
Indianapolis IN 46204
Tel. 812-332-4966
Fax. 317-638-9891
tanfordlegal@gmail.com

Alan S. Mandel (MO 29137)
Mandel & Mandel, LLP
1108 Olive St., 5th Floor
St. Louis MO 63101
877-893-1256
dsmm001 @aol.com

## STATEMENT THAT BRIEF IS VIRUS-FREE

The brief and addendum have been scanned for viruses and are virus-free.

s/ James A. Tanford
James A. Tanford

26

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Brief complies with the type-volume limitations of Rule 32(a)(7). It has been prepared using Wordperfect X7 in 14-point Century Schoolbook type and contains 5124 words, excluding sections exempt under Rule 32(f).

s/ James A. Tanford
James A. Tanford

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2019, I electronically filed the foregoing brief and addendum with the Clerk of the Court for the U.S. Court of Appeals for the Eighth Circuit by using the CM/ECF system.

s/ James A. Tanford
James A. Tanford

Appellate Case: 19-1948    Page: 35    Date Filed: 08/09/2019 Entry ID: 4817514